UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUIS H. JOHNSON, | ) | CIVIL ACTION NO. 3:25-CV-328 |
| Plaintiff | ) | |
| | ) | (MEHALCHICK, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| JAMES PETRUCCI, *et al.*, | ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATIONS**

**I.    INTRODUCTION**

Marquis H. Johnson ("Plaintiff") filed an amended complaint against three police officers and an assistant district attorney alleging claims under state and federal law arising out of a body cavity search during which Plaintiff alleges he was sexually assaulted. Plaintiff is currently incarcerated at Lackawanna County Prison. Plaintiff was granted leave to proceed *in forma pauperis* in this action. Therefore, his amended complaint is subject to review under 28 U.S.C. § 1915(e)(2).

We have reviewed Plaintiff's amended complaint and find that he fails to state a claim upon which relief can be granted as to the assistant district attorney, Andrew Layton Krowiak. Therefore, it is respectfully recommended that Defendant Krowiak be dismissed as a party to this action, but that Plaintiff's claims against the remaining Defendants be permitted to proceed.

It is further recommended that the request for preliminary injunctive relief contained in Plaintiff's amended complaint be denied without prejudice to his ability to file a properly supported motion.

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that he has a substance abuse disorder. On April 11, 2024, Plaintiff left a friend's house and got into a vehicle. That vehicle was stopped by police officers John Munley ("Defendant Munley") and James Petrucci ("Defendant Petrucci"). According to an excerpt from the police criminal complaint that is attached to Plaintiff's pleading, the vehicle's driver verbally consented to the search. During the traffic stop, Defendants Munley and Petrucci seized Plaintiff's two cell phones, and verified that one of the cell phones was used to facilitate a drug transaction. (Doc. 13-1). They also verified that there were two active warrants for Plaintiff's arrest. *Id.*

Defendants Munley and Petrucci transported Plaintiff to the Lackawanna County District Attorney's Office. (Doc. 13, p. 3). Plaintiff alleges that, while he was at the District Attorney's Office, Detective H. Zach ("Defendant Zach") and Defendant Petrucci sexually assaulted him. (Doc. 13, p. 3). Plaintiff claims that they "went forcefully into [his] buttocks and retrieved blooded bag." (Doc. 13, p. 4). Plaintiff claims that Defendant Munley was present during this use of force and

was yelling the phrase "ball juice" as Defendants Zach and Petrucci held him down and removed the bag. *Id.*

Plaintiff also alleges that Defendant Munley "said [Plaintiff] was a drug dealer" and that this statement is untrue. (Doc. 13, p. 4). Plaintiff alleges that Defendant Munley "is the publisher, and the publication is the affidavit, which is false." (Doc. 13, pp. 12-13).

On February 25, 2025, Plaintiff lodged a complaint. (Doc. 1). Along with his complaint, Plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 4). Then, on March 25, 2025, the Court received Plaintiff's prisoner trust fund account statement. While the Court waited for the account statement, Plaintiff lodged multiple supplemental pleadings. On April 8, 2025, his application for leave to proceed *in forma pauperis* was granted. (Doc. 11). On April 11, 2025, the Court issued an order explaining that Plaintiff would not be permitted to supplement his pleading in a piecemeal fashion, and directing Plaintiff to file a single, comprehensive amended complaint. (Doc. 12).

On April 23, 2025, Plaintiff submitted an amended complaint in which he names four Defendants: (1) Defendant Petrucci; (2) Defendant Zach; (3) Assistant District Attorney Andrew Layton Krowiak; and (4) Defendant Munley. (Doc. 13). We construe Plaintiff's amended complaint as alleging claims that: (1) excessive force was used during a body cavity search, in violation of the Fourth Amendment;

and (2) Defendant Munley included false information in the affidavit of probable cause that Plaintiff was a drug dealer.

As relief, Plaintiff requests that the Court issue a preliminary injunction during the pendency of this action to protect him from "abuse or neglect" and seeks damages in the amount of 1,000,000.00 for pain, suffering, lost wages, and to punish Defendants.

**III.    LEGAL STANDARD**

This Court has a statutory obligation to conduct a preliminary review of complaints brought by plaintiffs who have been granted leave to proceed *in forma pauperis* and must dismiss a case *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit.[1]

When conducting this screening analysis, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Under the 12(b)(6) standard, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to

---

[1] 28 U.S.C. § 1915(e)(2).
[2] *See, e.g., Endrikat v. Ransom*, No. 1:21-CV-1684, 2022 WL 4111861, at *2 (M.D. Pa. Sept. 8, 2022) ("In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint."[3] We "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents."[4]

Rule 8 of the Federal Rules of Civil Procedure provides that, "[a] pleading that states a claim must contain," "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] The statement required by Rule 8(a)(2) must give each defendant fair notice of the nature of the plaintiff's claim and of the grounds upon which the claim rests.[6] Detailed factual allegations are not required, but more is required than "labels," "conclusions," or "a formulaic recitation of the elements of a cause of action."[7] "In other words, a complaint must do more than allege the plaintiff's entitlement to relief."[8] "A complaint has to 'show' such an entitlement with its facts."[9]

The court "'must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party.'"[10] The

---

[3] *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).
[4] *Id.* at 230.
[5] Fed. R. Civ. P. 8(a)(2).
[6] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).
[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[8] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).
[9] *Id.*
[10] *Krieger v. Bank of Am., N.A.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)).

court, however, does not need to "credit a complaint's bald assertions or legal conclusions," or "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged."[11]

A well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must "take[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[12]

A complaint cannot survive this analysis "unless the facts it recites are enough to state plausible grounds for relief."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] But "[a] claim that relies just on 'conclusory statements,' or on 'threadbare recitals of

---

[11] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) and *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[12] *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (footnote and internal citations omitted).

[13] *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[14] *Iqbal*, 556 U.S. at 678.

the elements of a cause of action' without supporting factual allegations, does not establish plausible grounds for relief."[15]

## IV. DISCUSSION

### A. ADA KROWIAK SHOULD BE DISMISSED AS A PARTY TO THIS CASE

As we explained in the legal standard section of this report and recommendations, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a short and plain statement of the claim showing that he is entitled to relief. That statement must give each defendant fair notice of the nature of Plaintiff's claim against them, and of the grounds upon which it rests. Where a complaint does not include a short and plain statement of his claim against a defendant and does not provide fair notice of the nature of the claim or grounds upon which it rests, dismissal for failure to state a claim is appropriate.

Plaintiff names ADA Krowiak as a Defendant in the caption of his amended complaint. He does not, however, allege any facts in his complaint that explain why ADA Krowiak is liable or what ADA Krowiak is liable for. Because this information was not included in the amended complaint, Plaintiff fails to state a claim upon which relief can be granted as to ADA Krowiak.

Accordingly, it is recommended that ADA Krowiak be dismissed as a party to this case.

---

[15] *Beasley*, 14 F.4th at 231 (quoting *Fischbein v. Olson Rsch. Grp., Inc.*, 959 F.3d 559, 561 (3d Cir. 2020)).

B. **PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED**

Motions for preliminary injunctive relief are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. To obtain a preliminary injunction, Plaintiff must show: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not results in even greater harm to the non-moving party; and (4) the public interest favors such relief."[16] It is Plaintiff's burden to show a likelihood of success on the merits, and that he will suffer irreparable harm if the injunction is denied.[17]

In his amended complaint, Plaintiff wrote that:

> He would like to follow up on a "preliminary injunction" for protection from abuse "or" neglect under 42 U.S.C. § 15403(a)(2)(B), 42 U.S.C. § 10805(a)(1)(A); 29 U.S.C. § 794e(7)(2); 45 C.F.R. § 1386.19. I am in fear of my safely [sic].

(Doc. 13, p. 4). Plaintiff has not pleaded sufficient facts that would allow us to find that a preliminary injunction is appropriate. Plaintiff also has not clearly identified the preliminary injunctive relief he seeks. Instead, he makes a vague request for "protection from abuse," but does not allege who he needs protection from or what

---

[16] *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010).
[17] *Campbell Soup Co. v. ConAgra Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

form that protection should take.[18] Given this lack of clarity regarding the relief he seeks, and the absence of any allegation or evidence to show he will have any contact with the Defendant Police Officers while housed in Lackawanna County Prison we cannot conclude that Plaintiff is entitled to a preliminary injunction at this time and recommend that his request be denied without prejudice to his ability to file a separate, properly supported motion and brief requesting a preliminary injunction.

V.  RECOMMENDATIONS

Accordingly, it is RECOMMENDED that:

(1) ADA Krowiak be DISMISSED as a party to this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted;

(2) Plaintiff's request for preliminary injunctive relief be DENIED without prejudice to file a properly supported motion; and

(3) Plaintiff's claims against the remaining Defendants be permitted to proceed.

Date: May 1, 2025

BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

---

[18] *See, e.g.*, *Patelunas v. Malvissi*, No. 3:24-CV-1858, 2024 WL 5357164 (M.D. Pa. Nov. 8, 2024) (denying a request for preliminary injunctive relief where the relief plaintiff sought was not clear).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARQUIS H. JOHNSON,<br>　　　Plaintiff<br><br>v.<br><br>JAMES PETRUCCI, *et al.*,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:25-CV-328<br><br>(MEHALCHICK, D.J.)<br><br>(ARBUCKLE, M.J.) |

## **<u>NOTICE OF LOCAL RULE 72.3</u>**

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: May 1, 2025　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　　<u>*s/William I. Arbuckle*</u>
　　　　　　　　　　　　　　　　　　　　William I. Arbuckle
　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge