**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

MARQUIS H. JOHNSON,

        Plaintiff,

    v.

JAMES PETRUCCI, *et al.*,

        Defendants.

CIVIL ACTION NO. 3:25-CV-00328

(MEHALCHICK, J.)

**MEMORANDUM**

On February 25, 2025, *pro se* plaintiff Marquis H. Johnson ("Johnson") initiated this action by filing a complaint. (Doc. 1). On April 23, 2025, Johnson filed the operative amended complaint against Defendants James Petrucci ("Petrucci"), Detective Zach ("Zach"), and John Munely ("Munely") (collectively, "Defendants").[1] (Doc. 13). On August 24, 2025, Munely and Zach (together, "Moving Defendants") filed a motion to dismiss. (Doc. 28). On January 22, 2026, Magistrate Judge Martin C. Carlson filed a report and recommendation recommending that the Court deny Moving Defendants' motion.[2] (Doc. 45). On February 5, 2026, Moving Defendants filed an objection to the report and recommendation along with a brief in support. (Doc. 47; Doc. 48). Based on the Court's review of the relevant filings along with the report, Moving Defendants' objection (Doc. 47) is overruled, and the report (Doc. 45) will be adopted in its entirety.

---

[1] The amended complaint also named Defendant Andrew Layton Krowiak ("Krowiak"), but the Court dismissed Krowiak from the case on June 9, 2025. (Doc. 17).

[2] Also pending before the Court is Petrucci's motion to dismiss. (Doc. 32). However, Judge Carlson's report only addresses Moving Defendants' motion. (Doc. 45).

## I.  BACKGROUND AND PROCEDURAL HISTORY

The following background is taken from the amended complaint, and for the purposes of the instant motion, is taken as true. (Doc. 13). On April 11, 2024, Johnson was leaving a friend's house when Defendants detained him. (Doc. 13, at 2-3). Defendants forcefully searched Johnson's anal cavity and removed a bag with blood on it. (Doc. 13, at 3-4). According to Johnson, Defendants did not just perform a cavity search but rather sexually assaulted him and caused him severe physical and psychological injuries. (Doc. 13, at 3-4). Moving Defendants move to dismiss Johnson's claims, arguing that they are entitled to qualified immunity because Johnson fails to state a claim for false arrest and thus, does not sufficiently plead that Moving Defendants violated any well-established constitutional rights. (Doc. 30, at 9-10). On January 22, 2026, Judge Carlson filed the report and recommendation recommending that the Court deny Moving Defendants' motion to dismiss. (Doc. 45).

## II.  LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a Report and Recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and

recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

### III. DISCUSSION

In the report, Judge Carlson concluded that the Court must liberally construe Johnson's *pro se* amended complaint. (Doc. 45, at 9-10). Liberally construing the amended complaint, Judge Carlson determined that Johnson alleges an excessive force claim, and not a false arrest claim, as Moving Defendants assert. (Doc. 45, at 10). Judge Carlson recommended that the Court deny Moving Defendants' motion to dismiss because their arguments are based on Johnson failing to establish a violation of his right to be free from false arrest, when Johnson did not bring a false arrest claim. (Doc. 45, at 9-12). Judge Carlson further found that Johnson sufficiently stated a claim for excessive use of force in violation of the Fourth Amendment because Johnson alleges that a seizure occurred which a reasonable officer would deem unreasonable under the circumstances. (Doc. 45, at 11-12). Moving Defendants aver the Court should reject the report because Johnson cannot establish "that a manual body cavity search incident to a felony arrest is prohibited by clearly established Supreme Court or Third Circuit precedent" and thus, they are entitled to qualified immunity. (Doc. 48, at 7).

The Court agrees with Judge Carlson that Moving Defendants' motion incorrectly argues that the amended complaint involves a false arrest claim when it involves an excessive force claim. (Doc. 30, at 9-10; Doc. 45, at 9-10). Courts "liberally construe [*pro se*] pleadings,

and . . . apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *see also Bush v. City of Philadelphia*, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005). A plaintiff states a false arrest claim where the plaintiff alleges "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). By contrast, "[t]o state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999); *see McIntosh v. Crist*, No. CIV.A. 3:13-103, 2015 WL 418982, at *9 (W.D. Pa. Feb. 2, 2015). "The use of excessive force is itself an unlawful seizure under the Fourth Amendment." *McNeil v. City of Easton*, 694 F. Supp. 2d 375, 392 (E.D. Pa. 2010). The key issue in excessive use of force claims is not whether an officer could have legally conducted a seizure or used any force, but rather whether the officer used force a reasonable officer would find unreasonable under the circumstances. *Nelson v. Jashurek*, 109 F.3d 142, 145 (3d Cir. 1997) (noting that a plaintiff may state a claim for unreasonable use of force by alleging an officer "effectuated a lawful arrest in an unlawful manner" due to the "substantial force" used); *see also Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 637 (E.D. Pa. 2014) (finding that a plaintiff stated a claim for excessive use of force by alleging that officers unnecessarily beat him while arresting him for a crime he was ultimately convicted of).

While Johnson's *pro se* complaint does not clearly identify a legal theory, the Court must liberally construe the central allegations of the complaint and apply the applicable law. (Doc. 13); *see Dluhos*, 321 F.3d at 369; *see also Bush*, 367 F. Supp. 2d at 725. The central allegations in the amended complaint concern Defendants allegedly violating Johnson's

4

constitutional rights by holding him down and "sodomiz[ing]" him with "brute force." (Doc. 13, at 3). Johnson alleges that the interaction caused him intense physical pain and psychological harm. (Doc. 13, at 4). These allegations resemble an excessive use of force claim rather than a false arrest claim because Johnson alleges Defendants violated his rights by using unreasonable force, not by arresting him without probable cause. *Compare Rosembert*, 14 F. Supp. 3d at 637 (noting that an excessive use of force claim involves allegations that an officer's use of force was so substantial that it was unreasonable, regardless of whether some force would have been justified); *with James*, 700 F.3d at 680 (noting that a false arrest claim involves arrest without probable cause).

The Court agrees with Judge Carlson's recommendation to deny Moving Defendants' motion to dismiss because Moving Defendants' motion to dismiss is premised on Johnson failing to meet the pleading requirements for a claim he didn't bring. (Doc. 30, at 9-10; Doc. 45, at 9-10). In their objection, Moving Defendants abandon their previous false arrest arguments. (Doc. 48, at 7). Their objection fails for two reasons. First, "[a]rguments not presented to a magistrate judge and raised for the first time in objections to the [magistrate judge's] recommendations are deemed waived." *In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 444 (3d Cir. 2020); *see Hamill v. Twin Cedars Senior Living, LLC*, No. 3:20-CV-00231, 2024 WL 1118977, at *3 (M.D. Pa. Mar. 14, 2024) (rejecting an objection to a report and recommendation based off of new arguments not presented to the magistrate judge). Moving Defendants' original motion to dismiss, as presented to Judge Carlson, argued that "[Moving Defendants] are entitled to qualified immunity in this case because [Johnson] cannot demonstrate by his mere allegations a violation of his constitutional rights because probable cause existed to arrest the Plaintiff based

upon his own criminal activity." (Doc. 30, at 10). Moving Defendants now argue that they are entitled to qualified immunity because Johnson cannot prove that "a manual body cavity search incident to a felony arrest is prohibited by clearly established Supreme Court or Third Circuit precedent." (Doc. 48, at 7). This is a new argument, not presented to Judge Carlson, that should be deemed waived. *See Nat'l Collegiate Student Loan Trusts*, 971 F.3d at 444; *see also Hamill*, 2024 WL 1118977, at *3.

However, even if the Court considers Moving Defendants' new argument, their motion should be denied because they continue to misunderstand the nature of Johnson's claims. Johnson not only alleges that Moving Defendants conducted a cavity search but alleges that Moving Defendants applied such "brute force" that he needed medical attention, was bleeding, and was left with severe physical and psychological injuries. (Doc. 13, at 3-4). The Third Circuit has long held that an otherwise lawful seizure can still violate the Fourth Amendment where the officers use such "excessive 'substantial force'" that the seizure is conducted in an "unlawful manner." *Nelson*, 109 F.3d at 146. Thus, the relevant issue is not whether the officers could conduct a cavity search incident to arrest, but rather whether the officers used unreasonable force. *See Nelson*, 109 F.3d at 146; *see also Rosembert*, 14 F. Supp. 3d at 640. Accordingly, the Court **OVERRULES** Moving Defendants' objection (Doc. 47) and **ADOPTS** the report and recommendation **IN ITS ENTIRETY**.

## IV. CONCLUSION

For the foregoing reasons, the Court agrees with the report's sound reasoning and discerns no error of law. (Doc. 45). Accordingly, the report and recommendation (Doc. 45) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. Moving Defendants' objection is **OVERRULED**. (Doc. 47). Moving Defendants' motion to dismiss (Doc. 28) is

6

**DENIED**.

An appropriate Order follows.

**Dated: February 25, 2026**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

7