IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARQUIS JOHNSON,              :        Civil No. 3:25-CV-328
                             :
            Plaintiff        :        (Judge Mehalchick)
                             :
     v.                      :
                             :        (Magistrate Judge Carlson)
JAMES PETRUCCI, et al.,      :
                             :
            Defendants.      :


REPORT AND RECOMMENDATION

## I.  Introduction

This case, which comes before us for consideration of a motion to dismiss filed by defendant James Petrucci, (Doc. 32), illustrates how the procedural posture of cases can often determine their immediate substantive outcomes. The plaintiff, Marquis Johnson, is a state prisoner who is proceeding *pro se* in this case. Johnson is suing Officer Petrucci along with two county detectives as a result of events which took place at the time of his April 2024 arrest on state drug charges. (Doc. 13). In particular, Johnson challenges the degree of force used by police in the course of a search incident to his arrest. While Johnson's *pro se* pleading is not a model of clarity, as we construe the complaint it brings a Fourth Amendment claim that

1

Officer Petrucci and the other defendants used excessive force when they sexually assaulted and sodomized him in the course of a body cavity search.

Citing to cases which involved what is colloquially referred to as a "reach in" search involving police efforts to reach inside a suspect's clothing to retrieve some contraband, Officer Petrucci argues that he is entitled to qualified immunity on Johnson's Fourth Amendment excessive force claim. The difficulty with accepting this proposition, however, stems from the procedural posture of this case which comes before us on a motion to dismiss. On a motion to dismiss, we must accept the plaintiff's well-pleaded facts and the inferences which flow from those facts. Here, Johnson alleges that he was sexually assaulted and essentially sodomized. With our discretion cabined and confined by these well-pleaded facts, we conclude that it cannot be said as a matter of law that Officer Petrucci is entitled to qualified immunity. Therefore, it is recommended that this motion to dismiss be denied, without prejudice at a later date to further scrutiny through a motion for summary judgment, where we can consider undisputed facts outside the pleadings.

## II.    <u>**Factual and Procedural Background**</u>

The operative pleading in this case is Johnson's amended complaint. (Doc. 13). Fairly construed, the well-pleaded facts in this amended complaint allege that, on April 11, 2024, defendants James Petrucci, along with two detectives, Munely

2

and Zach, arrested him and transported Johnson to the Lackawanna County District Attorney's Office. (Id. at 3). At the district attorney's office Johnson alleges that he was forcibly held down by the defendants and sodomized "with brute force." (Id.) According to Johnson, the defendants "went forcefully into my buttocks and retrieved blooded [sic] bag," an act which he characterized as a sexual assault which resulted in night terrors, racing thoughts, anxiety, depression and physical pain. (Id. at 4). Based upon his allegations that he was "sexually assaulted" by the defendants, Johnson's amended complaint sought declaratory and injunctive relief, along with damages. (Id. at 2-5).

Defendant Petrucci has now moved to dismiss the complaint, asserting that he is entitled to qualified immunity as a matter of law since cases have permitted discrete reach in searches of suspects to retrieve items concealed beneath their garments when those searches entail incidental contact with the suspect's body. While we concede that Johnson's amended complaint is not a model of clarity, with our review cabined and confined to the well-pleaded allegations set forth in the complaint, we conclude that the question of qualified immunity cannot be determined in favor of Petrucci on the pleadings alone. Accordingly, we recommend that this motion to dismiss, (Doc. 32), be denied.

3

## III.    Discussion

### A. Motion to Dismiss–Standard of Review

The defendants have moved to dismiss Johnson's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, BU.S.B, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.,

4

20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id., at 678. Rather,

5

in conducting a review of the adequacy of a complaint, the Supreme Court has

advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain

more than mere legal labels and conclusions; it must recite factual allegations

sufficient to raise the plaintiff's claimed right to relief beyond the level of mere

speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

6

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied, 132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950).

In considering whether a complaint fails to state a claim upon which relief may be granted the court generally relies on the complaint, attached exhibits, and

7

matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment"). However, the court may not rely on other parts of the record in determining whether to dismiss a complaint or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which defines what a complaint should say and provides that:

8

(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. These legal guideposts guide us in assessing the sufficiency of this amended complaint.

**B. <u>Johnson Has Stated a Plausible Excessive Force Claim and the Question of Qualified Immunity Cannot be Determined on the Pleadings Alone.</u>**

We acknowledge that the amended complaint does not describe Johnson's claim with clinical precision. But we are also mindful that Johnson's *pro se* "pleading is liberally construed and his complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Taylor v. Spraga</u>, 236 F. Supp. 3d 875, 880 (D. Del. 2017), <u>aff'd,</u> 741 F. App'x 884 (3d Cir. 2018) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)). Adopting this analytical lens, we believe that Johnson's amended

complaint, properly read, describes a Fourth Amendment excessive force claim. On

this score, the Supreme Court of the United States has held that claims against law

enforcement officers that allege the use of excessive force in the context of an arrest,

investigatory stop, or other "seizure" are analyzed under the Fourth Amendment's

"reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989). Indeed,

"[t]he use of excessive force is itself an unlawful 'seizure' under the Fourth

Amendment." Couden v. Duffy, 446 F.3d 483, 496 (3d Cir. 2006). In assessing such

a claim for a Fourth Amendment violation under § 1983, the inquiry is whether the

force used by the law enforcement officers was objectively reasonable in light of the

totality of the circumstances. Graham, 490 U.S. at 397. As the Supreme Court

explained:

> Determining whether the force used to effect a particular seizure is
> "reasonable" under the Fourth Amendment requires a careful
> balancing of "'the nature and quality of the intrusion on the individual's
> Fourth Amendment interests'" against the countervailing
> governmental interests at stake. Id., at 8, 105 S.Ct., at 1699, quoting
> United States v. Place, 462 U.S. 696, 703, 103 S.Ct. 2637, 2642, 77
> L.Ed.2d 110 (1983) . . . Because "[t]he test of reasonableness under
> the Fourth Amendment is not capable of precise definition or
> mechanical application," Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct.
> 1861, 1884, 60 L.Ed.2d 447 (1979), however, its proper application
> requires careful attention to the facts and circumstances of each
> particular case[.]

Graham, 490 U.S. at 396. Thus, when considering such claims, the reasonableness of a particular use of force is often dependent upon factual context and must be "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396-97.

This is an intensive, fact-bound analysis and one which often is not amenable to resolution on the pleadings alone. As our colleague, Judge Mariani, has observed:

> Because such a determination depends on "all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force," the Third Circuit has held that "[t]he reasonableness of the use of force is normally an issue for the jury." Rivas, 365 F.3d at 198 (citing Abraham v. Raso, 183 F.3d 279, 290–91 (3d Cir.1999)). But, even if, following discovery, the reasonableness of Defendant's use of force is settled before the case reaches the jury, it is surely premature to expect the Court to make such a resolution at the motion to dismiss stage, when the only issue before it is to determine whether Plaintiffs Complaint alleges facts that "*plausibly* give rise to an entitlement for relief." Connelly, 706 F.3d at 212 (emphasis added).

Williams v. Papi, 30 F. Supp. 3d 306, 312 (M.D. Pa. 2014).

In the instant case, a fair reading of Johnson's amended complaint reveals that Johnson alleges that he was forcibly held down by the defendants and sodomized "with brute force," (Doc. 13 at 3), and avers that the defendants "went forcefully into my buttocks and retrieved blooded [sic] bag," an act he characterized as a sexual assault which resulted in night terrors, racing thoughts, anxiety, depression and physical pain. (Id. at 4). Viewing these allegations through the legal lens of Fourth

11

Amendment excessive force jurisprudence, such claims are inherently fact-bound. But Johnson's assertions that he was sodomized with such force that articles retrieved during this body cavity search were bloodied states a plausible claim which cannot be summarily disposed of on the pleadings alone.

Given these allegations, this is not a case one which permits a determination of qualified immunity as a matter of law based solely upon the pleadings. In considering this question we are mindful that:

> In deciding whether to grant qualified immunity, the Court must consider two questions: First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001). Second, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id. This latter requirement means that the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202, 121 S.Ct. at 2156 (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)). If the answer to both questions is "yes," then there can be no qualified immunity.

> However, the Third Circuit has cautioned that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." Newland v. Reehorst, 328 Fed.Appx. 788, 791 n. 3 (3d Cir.2009). It has likewise held that when a "complaint failed to disclose whether the defendants' actions did not violate a clearly established constitutional right, dismissal on qualified immunity grounds was premature." Debrew v. Auman, 354 Fed.Appx. 639, 642 (3d Cir.2009) (citing Thomas v. Independence Twp., 463 F.3d 285, 291 (3d Cir.2006)).

12

<u>Williams</u>, 30 F. Supp. 3d at 313–14. <u>See</u> <u>Anthony v. Seltzer</u>, 696 F. App'x 79, 83 (3d Cir. 2017) (affirming denial of qualified immunity on motion to dismiss excessive force claim); <u>Rankin v. Majikes</u>, No. 3:CV-14-699, 2014 WL 6893693, at *10 (M.D. Pa. Dec. 5, 2014) (denying motion to dismiss excessive force claim on qualified immunity grounds).

So it is here. Simply put, we find that Johnson's amended complaint alleges a Fourth Amendment excessive force claim, and the well-pleaded facts alleged by Johnson plausibly state an excessive force claim. Given these well-pleaded facts, we further find that it is unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record before it can be determined whether this was the brutal act alleged by the plaintiff, or the reasonable and discrete reach in search averred by Defendant Petrucci. Accordingly, this motion to dismiss, (Doc. 32), should be denied without prejudice to further scrutiny at a later date through a motion for summary judgment, where we can consider undisputed facts outside the pleadings.

## IV.    <u>Recommendation</u>

For the foregoing reasons, IT IS RECOMMENDED that the motion to dismiss lodged by Defendant Petrucci, (Doc. 32), be DENIED, without prejudice to further

scrutiny at a later date through a motion for summary judgment, where we can consider undisputed facts outside the pleadings.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of April 2026.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

14