**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARQUIS H. JOHNSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:25-CV-00328 |
| v. | |
| JAMES PETRUCCI, et al., | (MEHALCHICK, J.) |
| Defendants. | |

**ORDER**

Plaintiff Marquis H. Johnson ("Johnson") initiated this *pro se* action on February 25, 2025, by filing a complaint. (Doc. 1). On April 23, 2025, Johnson filed the operative amended complaint against Defendants James Petrucci ("Petrucci"), Detective Zach ("Zach"), and John Munely ("Munely") (collectively, "Defendants") alleging that Defendants violated his Fourth Amendment rights by sexually assaulting him during a search incident to arrest.[1] (Doc. 13). On October 7, 2025, Petrucci filed a motion to dismiss arguing that Johnson fails to state a claim for which relief could be granted because Petrucci 1) acted within the scope of what the Fourth Amendment allows while searching Johnson incident to a lawful arrest and 2) is entitled to qualified immunity. (Doc. 32; Doc. 33). On April 10, 2026, Magistrate Judge Martin C. Carlson filed a report and recommendation finding that "Johnson's amended complaint alleges a Fourth Amendment excessive force claim, and the well-pleaded facts alleged by Johnson plausibly state an excessive force claim." (Doc. 54, at 13). Judge Carlson

---

[1] The amended complaint also named Defendant Andrew Layton Krowiak ("Krowiak"), but the Court dismissed Krowiak from the case on June 9, 2025. (Doc. 17).

further found that it was premature for the Court to make a determination regarding qualified immunity because the question of whether Petrucci is entitled to qualified immunity turns on factual issues which cannot be resolved at the pleadings. (Doc. 54, at 11-13). Judge Carlson recommended that the Court deny Petrucci's motion to dismiss "without prejudice to further scrutiny at a later date through a motion for summary judgment, where [the Court] can consider undisputed facts outside the pleadings." (Doc. 54, at 13). Judge Carlson advised the parties that they had fourteen days to file an objection to the report and recommendation. (Doc. 54, at 14). Neither party filed a timely objection. As such, the Court will **ADOPT** the report and recommendation. (Doc. 54, at 14).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to

which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in the report and recommendation and finds no clear error on the face of the record. (Doc. 54). **NOW, THEREFORE, IT IS HEREBY ORDERED** that Judge Carlson's report and recommendation (Doc. 54) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. The Court **DENIES** Petrucci's motion to dismiss (Doc. 32) **without prejudice** to Petrucci's ability to raise the same arguments at a later date in a motion for summary judgment.

**BY THE COURT:**

**Dated: April 30, 2026**            *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States District Judge**